IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-51041
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ESTEBAN GUTIERREZ-FELIX,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-91-CR-227-5-P
- - - - - - - - - - -
July 13, 1998
Before SMITH, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Esteban Gutierrez-Felix appeals his conviction and sentence for conspiracy and possession with intent to distribute cocaine. His challenge to the sufficiency of the evidence is essentially a challenge to the jury's credibility and weight of the evidence determinations. Since the testimony of Detective Majerczyk was not patently unbelievable or incredible, Gutierrez has failed to show that a reasonable trier of fact could not have found guilt beyond a reasonable doubt. United States v. Lopez, 74 F.3d 575,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

578 (5th Cir.), <u>cert. denied</u>, 517 U.S. 1228 (1996); <u>United States v. Bell</u>, 678 F.2d 547, 549 (5th Cir. 1982) (en banc), <u>aff'd on other grounds</u>, 462 U.S. 356 (1983).  Nor has he established plain error in the district court's admission of Detective Majerczyk's in-court identification of him.  <u>United States v. Rogers</u>, 126 F.3d 655, 657-58 (5th Cir. 1997); <u>United Stated v. Sanchez</u>, 988 F.2d 1384, 1389 (5th Cir. 1993).  He has failed to establish error, plain or otherwise, with respect to the admission at trial of photocopies of his identification documents found at the scene of the crime.  <u>United States v. Dixon</u>, 132 F.3d 192, 197 (5th Cir. 1997), <u>cert. denied</u>, 118 S. Ct. 1581 (1998).  Finally, the prosecutor's closing argument did not affect his substantial rights.  See <u>United States v. Vaccaro</u>, 115 F.3d 1211, 1215-17 (5th Cir. 1997), <u>cert. denied</u>, 118 S. Ct. 689 (1998).

AFFIRMED.